UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS KINKEADE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFERY BEARD, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1375 TLN CKD P<br><br><br>ORDER |

Plaintiff, a state prisoner, commenced this civil rights action pro se in June 2015. (ECF No. 1.) On December 1, 2016, he obtained counsel. (ECF No. 30.) On December 22, 2016, the court adopted a jointly-proposed schedule in which the deadline to amend the pleadings was April 1, 2017. (ECF No. 33.) Subsequently, plaintiff was deposed and certain discovery requests were deemed admitted. On February 23, 2017, plaintiff filed a motion for relief from the deemed admissions. (ECF No. 42.)

On March 23, 2017, while that motion was pending, plaintiff filed a motion for extension of time to amend the complaint, seeking a new deadline of "two weeks after the Court files the decision on Plaintiff's motion for relief from admissions, or April 14, 2017, whichever is longer." (ECF No. 47.) That motion is now fully briefed (ECF Nos. 48 & 49) and before the court. Plaintiff has also filed a Notice of Motion to Amend (ECF No. 53).

////

1

I. <u>Motion to Extend Deadline to Amend</u>

Plaintiff asserts that he "has sound facts on which to base a cause of action for retaliation." (ECF No. 47 at 2.) He "intends to file a motion to amend the complaint to add a cause of action for retaliation which is supported in the facts of the operative complaint." (<u>Id.</u> at 1.) Plaintiff asserts that such amendment is not possible without a ruling on his motion seeking withdrawal of the deemed admissions, all of which concern plaintiff's Eighth Amendment claims. (<u>Id.</u>)

Defendant opposes the motion to modify the jointly-agreed deadline for amendment. She asserts that plaintiff's counsel did not comply with Local Rule 144(c) and made no attempt to secure a stipulation to extend time to amend. Plaintiff's counsel counters that he discussed the extension with defense counsel in the context of other proposed changes to the joint schedule, but they could not reach agreement. Plaintiff adds that he seeks to modify the schedule pursuant to Rule 16 of the Federal Rules of Civil Procedure.

Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." <u>Id.</u>

Here, plaintiff's counsel does not explain why he failed to evaluate possible additional claims prior to agreeing to a joint schedule in December 2016 or in the three months that followed. He does not point to new facts obtained in discovery that support a retaliation claim, but to "the facts of the operative complaint." Plaintiff's pro se complaint alleges that, after the February 2013 incident with defendant Oddie, plaintiff filed a complaint against her, which was denied; and in June 2013, Oddie repeated the behavior, causing worse injury to plaintiff than before. (ECF No. 1, ¶¶ 33-41, 43-50.) These allegations were known to plaintiff's counsel in December 2016, yet he did not timely move to amend. Plaintiff counsel's assertion that he could not move to amend while a discovery motion was pending is unconvincing.

In the absence of a showing of diligence, the court does not find good cause to modify the agreed-upon April 1, 2017 deadline for amending the pleadings and will deny the motion.

II. Motion to Amend

On March 30, 2017, plaintiff filed a two-page Notice of Motion to Amend which states: "Additional causes of action are found in the facts alleged. Several factual allegations are misstated and require corrections." (ECF No. 53.) Neither Points and Authorities nor a proposed amended complaint are included with this filing.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be given freely when justice requires. In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of proposed amendment.

Here, plaintiff does not attach a proposed amended complaint as required by Local Rule 137(c). In the absence of any reviewable pleading, the court does not find that justice requires leave to amend in this instance.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time to amend (ECF No. 47) is denied; and

2. Plaintiff's motion to amend (ECF No. 53) is denied.

Dated: April 10, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / kink1375.amend