UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS KINKEADE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFERY BEARD, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1375 TLN CKD P<br><br>ORDER |

I. Introduction

　　Plaintiff is a state prisoner proceeding through counsel. In his pro se complaint, plaintiff alleges that two correctional officers violated his Eighth Amendment rights when he was a patient at Memorial Community Hospital on June 6, 2013 and at San Joaquin Community Hospital on February 4, 2014. (ECF No. 1.) Service of the complaint was ordered on defendants Oddie and Claudel. (ECF No. 11.) Oddie has answered the complaint, while Claudel has not been located. (ECF Nos. 17 & 18.) On December 1, 2016, in the discovery phase of this case, plaintiff obtained counsel. (ECF No. 30.)

　　On February 23, 2017, Defendant's Requests for Admission to Plaintiff, Set One, were deemed admitted pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure. (ECF No. 41.) Before the court is plaintiff's motion to be relieved of the admissions under Rule 36(b). (ECF Nos. 42 & 43; see ECF No. 43-1, Ex. 1 (RFAs).) Defendant Oddie has filed an opposition

1

(ECF No. 50), and plaintiff has filed a reply (ECF No. 51).

II. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "The effect of the admission is such that '[a]ny matter admitted under this [Rule 36] is conclusively established' unless the court grants a motion to waive or amend." Fed. R. Civ. P 36(b); <u>Tillamook Country Smoker, Inc.v. Tillamook Cnty. Creamery Ass'n</u>, 465 F.3d 1102, 1111-12 (9th Cir. 2006). The court has discretion to grant relief from an admission made under Rule 36(a) if (1) "it would promote the presentation of the merits of the action" and (2) "'the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" Fed. R. Civ. P. 36(b); <u>Conlon v. United States</u>, 474 F.3d 616, 621 (9th Cir. 2007) (internal citations omitted).

"The first half of the test in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case." <u>Hadley v. United States</u>, 45 F.3d 1345, 1348 (9th Cir. 1995). As the undersigned has previously noted, "requests for admission that seek to establish legal conclusions or render undisputed the disputed material facts of a case are per se impermissible." <u>Jefferson v. Perez</u>, 2012 WL 671917 (E.D. Cal. Feb. 29, 2012).

Under the second half of the Rule 36(b) test, the party who obtained the admission has the burden of proving that the withdrawal of the admission would prejudice the party's case. <u>See Conlon</u>, 474 F.3d at 622. "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." <u>Hadley</u>, 45 F.3d at 1348, citing <u>Brook Village N. Assocs. v. General Elec. Co.</u>, 686 F.2d 66, 70 (1st Cir.1982).

////

////

III. Discussion

Thirteen RFAs, currently deemed admitted, are at issue. (ECF No. 43-1.) The parties agree that, in light of plaintiff's deposition testimony, RFAs 1, 2, 3, 4, 5, 6, 10, and 11 do not concern the merits of the case. (ECF Nos. 50 at 3-4; ECF No. 51 at 5.)

Plaintiff testified in deposition that the incidents that are the subject of the complaint occurred in February and June of 2013, and there were no incidents involving Oddie in 2014, as previously alleged. (Plaintiff's Depo., 35:11-36:7.) Thus, RFAs 1-3, which concern the 2014 allegation, are irrelevant. Plaintiff further testified that the sole incident at San Joaquin General Hospital occurred on February 4, 2013, and any other incident took place at Memorial Hospital. (Plaintiff's Depo., 37:25-38:13.) Thus, RFAs 4-5 and 10-11, all of which concern June 2013 events at San Joaquin General hospital, are irrelevant.

RFA 6 concerns plaintiff's interactions with Oddie on June 6, 2013. In deposition, plaintiff testified that he interacted with Oddie on June 25 or 26, 2013, not June 6, 2013 as alleged. (Plaintiff's Depo., 61:16-62:14.) Thus RFA 6 does not concern the merits of this action. As plaintiff cannot show that withdrawal of these admissions would promote the merits, plaintiff's motion will be denied as to these admissions, which may serve to simplify the factual issues in this case.

The remaining RFAs (7, 8, 9, 12, and 13) state as follows:

**Request No. 7:**

You were not taken to San Joaquin Community Hospital on February 4, 2013.

**Request No. 8:**

Officer Oddie was not the custody officer at San Joaquin Community Hospital on February 4, 2013.

**Request No. 9:**

You did not see or interact with Officer Oddie at all on February 4, 2013.

**Request No. 12:**

You did not see or interact with Officer Oddie at all on June 24, 2013 through June 26, 2013.

3

**Request No. 13:**

> Officer Oddie did not cause injury to your ankle or any other part of your body.

In deposition, plaintiff testified at length about his interactions with Oddie at San Joaquin Community Hospital on February 4, 2013. (Plaintiff's Depo., 46:10-61:15.) As this is one of the two incidents claimed to violate plaintiff's Eighth Amendment rights, the admission of RFAs 7-9 would render undisputed material facts at issue in this case.

Defendant asserts that Oddie would be prejudiced at trial by their withdrawal, as plaintiff has been uncooperative and provided inadequate and late discovery responses, making it difficult to litigate the case. While the court will entertain other remedies for discovery problems in this action, it will not allow disputed material facts to remain admitted as such a remedy. Thus plaintiff's motion will be granted as to RFAs 7-9.

Similarly, RFA 12 concerns plaintiff's claimed interaction with Oddie in late June 2013 at Memorial Hospital. Plaintiff testified as to this incident in his deposition, and it concerns disputed facts about the second claimed Eighth Amendment violation. (Plaintiff's Depo., 72:19-84:17.) RFA 13 concerns the material fact of whether Oddie's alleged actions caused injury to plaintiff. Thus plaintiff's motion will be granted as to RFAs 12 and 13.

Defendant asserts that the prejudicial effect of withdrawing these admissions can only be cured if Oddie is permitted to re-depose plaintiff after receiving substantive responses to all her discovery requests. The court does not address the issue of a second deposition at this time. However, the court will direct plaintiff to respond to the outstanding Set One RFAs within fourteen days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for order on miscellaneous relief (ECF No. 42) is granted in part and denied in part as follows:

    a. Granted as to Defendant's Requests for Admission, Set One, Nos. 7, 8, 9, 12, and 13, such that these Rule 36(a) admissions are withdrawn; and

    b. Otherwise denied.

2. No later than fourteen days from the date of this order, plaintiff shall serve responses to Defendant's Requests for Admission, Set One, Nos. 7, 8, 9, 12, and 13 on defendant.

Dated: April 10, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / kink1375.rfa_mtn