UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS KINKEADE, | No. 2:15-cv-01375-TLN-CDK |
| Plaintiff, | |
| v. | **ORDER** |
| JEFFERY BEARD, et al., | |
| Defendants. | |

This matter is before the Court pursuant to Plaintiff Carlos Kinkeade's ("Plaintiff") "Objection to Order by Magistrate Judge." (ECF No. 66.) Defendant A. Oddie has filed a response. (ECF No. 67.) The Court has carefully considered the arguments raised by the parties. For the reasons set forth below, Plaintiff's objections are OVERRULED.

**I.    INTRODUCTION**

This is a prisoner civil rights action. Plaintiff is represented by counsel. The matter before the Court arises in connection with the not-yet-taken deposition of Defendant Oddie. (*See* ECF No. 66 at 1.) In particular, Plaintiff's counsel wishes to operate the video camera used to videotape this deposition rather than hiring a videographer. (ECF No. 66 at 1.) The notice for that deposition indicated "[t]he testimony will recorded [sic] stenographically and by audio and/or video for use at trial." (ECF No. 66-1 at 5.) On June 6, 2017, Magistrate Judge Delaney conducted a telephone conference with Plaintiff's counsel and Defendant's counsel "in order to

1

resolve a discovery dispute concerning plaintiff's counsel's use of a video camera during defendant's deposition." (ECF No. 65 at 1.) After the conclusion of this teleconference, Magistrate Judge Delaney denied "plaintiff's counsel's request to use a personal video camera during the defendant's deposition pursuant to Fed. R. Civ. P. 30(b)(3)." (ECF No. 65 at 2.) Plaintiff filed his objections pursuant to Fed. R. Civ. P. 72(a). (ECF No. 66 at 3.)

## II.     STANDARD OF REVIEW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The objecting party has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law. *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009); *Winz-Byone v. Metro. Life Ins. Co.*, No. EDCV 07-238-VAP (OPx), 2007 WL 4276751, at *1 (C.D. Cal. Nov. 16, 2007).

"The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "Under the 'clearly erroneous' standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999).

"The magistrate's legal conclusions are reviewed *de novo* to determine whether they are contrary to law." *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013). However, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008). Consequently, "a magistrate judge's order simply cannot be contrary to law when the law itself is unsettled." *Id.*

///

### III. ANALYSIS

Plaintiff has not met his burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law. Magistrate Judge Delaney's order indicates that she precluded Plaintiff's counsel from being the camera operator after considering the following two concerns: (i) the admissibility of the videotape at trial; and (ii) the "potential cost savings cited by plaintiff's counsel." (ECF No. 65 at 1.)

Plaintiff contends that "[t]he trend in jurisprudence under the Federal Rules of Civil Procedure is to permit experimentation with videotaped depositions allowing counsel to operate the camera." (ECF No. 66 at 6 (emphasis added).) Even if such a trend exists, it does not compel such a result here. None of the cases Plaintiff cites stand for that proposition. Moreover, even if they had, none of them are binding on this Court. Consequently, failure to follow them would not render Magistrate Judge Delaney's ruling contrary to law. *Pall Corp.*, 655 F. Supp. 2d at 172. After having reviewed Plaintiff's submissions and the authorities cited in them, the Court finds Plaintiff has not demonstrated that Magistrate Judge Delaney's ultimate conclusion, the analysis underlying it, or the consideration of these two factors was clearly erroneous or contrary to law.

One other point warrants brief mention. Plaintiff raises the specter of "procedural irregularities in the conduct of the telephone conference" without coherently explaining why this entitles him to relief under Rule 72(a). (ECF No. 66 at 7–8.) Plaintiff fails to show Magistrate Judge Delaney did anything improper in hearing Defendant's objection or ruling on it. Moreover, Plaintiff has not demonstrated that any of these "irregularities" rendered her ruling clearly erroneous or contrary law. Thus, Plaintiff has not carried his burden under Rule 72(a).

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's objection is OVERRULED.

IT IS SO ORDERED.

Dated: June 29, 2017

Troy L. Nunley
United States District Judge