1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CARLOS KINKEADE,                          No.  2:15-cv-1375 TLN CKD P

12                 Plaintiff,

13           v.                                 ORDER

14    JEFFERY BEARD, et al.,

15                 Defendants.

16

17           Plaintiff, a California state prisoner, is proceeding through counsel with this 42 U.S.C.

18    § 1983 civil rights action against correctional officers A. Oddie and D. Claudel.  ECF No. 1.  On

19    April 11, 2017, plaintiff filed a motion for reconsideration of the magistrate judge's order denying

20    leave to amend the complaint.   Defendant has filed an opposition, ECF No. 61, and plaintiff has

21    filed a reply, ECF No. 62.

22           Also pending before the court is plaintiff's amended request for issuance of a summons

23    for V. Amparano who was identified in the original complaint as Defendant D. Claudel.  ECF No.

24    70.  Plaintiff filed a proposed first amended complaint substituting V. Amparano for D. Claudel

25    as an exhibit attached to his amended request for a summons.[1]  See ECF No. 71.

26    _____

27    [1] On June 27, 2017 plaintiff filed his first request for issuance of a summons along with a
      proposed first amended complaint identifying the unserved defendant in this action as V. Caudill.
      See ECF Nos. 68-69.  That request was pending for only a day before plaintiff filed his amended

28    request.

## I. Procedural History

Plaintiff filed his motion for leave to amend the complaint in a piecemeal fashion. On March 30, 2017, just two days before the deadline to amend, plaintiff filed a "Notice of Motion for Order Granting Leave to Amend the Complaint." ECF No. 53. However, the proposed first amended complaint was not filed until April 13, 2017 after the court denied plaintiff's request by noting this deficiency in his filing. See ECF No. 55. A Memorandum of Points and Authorities in Support of the Motion for Leave to Amend was not filed until April 30, 2017 and it was filed as an exhibit to his reply to defendant's opposition to his motion for reconsideration. ECF No. 62-2.

In his motion for reconsideration, plaintiff is asking the court to liberally construe his deficient two page Notice of Motion for Leave to Amend as the proposed amended complaint. See ECF No. 5701 at 7. Plaintiff's motion for reconsideration is devoid of any legal authority for such requested relief. Id. Courts are only required to liberally construe *pro se* pleadings. Haines v. Kerner, 404 U.S. 519 (1972). That rule does not, and should not, apply to counsel who either do know better, or, at least, should know better.

In this case, plaintiff has demonstrated a pattern of missing deadlines or of filing multiple motions in court in order to extend already agreed to deadlines based on his inability to meet them. His failure to file a timely response to Defendant's Request for Admissions necessitated the filing of a "Motion for Miscellaneous Relief" which generated additional litigation based on his failure to meet a deadline. ECF No. 42. Additionally, plaintiff failed to meet the deadline for filing an amended pleading. Instead of simply filing a motion for leave to amend along with a proposed amended complaint by April 1, 2017, plaintiff filed a motion for an extension of time as well as a motion for reconsideration of this court's denial. See ECF No. 33 (Order and Joint Scheduling Report). Every single pleading that plaintiff files concerning his missed deadlines requires this court's time and attention. With this case history in mind, it is hard to believe plaintiff's purported explanation for his failure to timely request leave to amend. See ECF No. 57-2 at 3-4 (Declaration of Ken Karan) (stating that plaintiff "suspend[ed] action on the case" because he did not want to waste judicial resources).

2

## II.     Legal Standards Governing Motion for Reconsideration

Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law." In his motion to reconsider plaintiff seeks to demonstrate his diligence and reasonableness in filing his notice of motion for leave to amend on March 30, 2017. ECF No. 57-1. However, the majority of the motion is simply a recitation of the procedural history of this case, of which the court is fully aware. Id. Rather than demonstrate any legal error made in the court's April 10, 2017 ruling, plaintiff complains that it is simply "unfair" and that under "the totality of the circumstances" a manifest injustice is created by denying him leave to amend. See ECF Nos. 57-1 at 5-6; 62 at 2-3. Finding no new facts or circumstances and upon review of the entire file, the court finds that it does not appear that the court's ruling is clearly erroneous or contrary to law. See Local Rules 230(j); 303(f).

## III.     Request for Issuance of Summons for V. Amparano

The docket in this case reflects problems in obtaining service on Defendant D. Claudel as early as May 25, 2016 based on a minute order indicating that the United States Marshal "is attempting to locate defendant Claudel, as this defendant was not located at the address provided by plaintiff." ECF No. 17. On November 10, 2016, the same day plaintiff's counsel entered his appearance in this action, the summons for D. Claudel was returned unexecuted because the CDCR was unable to locate that name. See ECF Nos. 27, 28; Local Rule 182(a)(2) (describing what qualifies as making an appearance as attorney of record). No further action was taken by plaintiff to serve the summons on this defendant until June 27, 2017 when plaintiff filed his first request for issuance of a summons and a proposed first amended complaint naming V. Caudill as the proper name of this defendant. ECF Nos. 68, 69. A day later, plaintiff filed a second request for issuance of a summons and a proposed first amended complaint in the name of V. Amparano. ECF Nos. 70-71. Once again, plaintiff's counsel has provided no explanation for the seven month delay in attempting to serve the summons on this defendant.

Pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed…." See also Local Rule 210(d) (requiring counsel for plaintiff to effect service of process). Furthermore, "[i]f

3

1  a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its

2  own after notice to the plaintiff-must dismiss the action without prejudice against that defendant

3  or order that service be made within a specified time. " Fed. R. Civ. P. 4(m).  The court shall

4  permit additional time for service if there is good cause for the plaintiff's failure to timely affect

5  service of process.  Id.

6      Here, plaintiff filed the request for issuance of a summons in the corrected name of

7  Defendant Claudel a mere eighteen days before the discovery period closes.  See ECF No. 33

8  (Order following Joint Scheduling Report).  Plaintiff was aware of this discovery deadline

9  because he agreed to it in December 2016, at the same time that he should have been aware of the

10  service difficulties in this case just by a quick review of the court's electronic docket.  Moreover,

11  plaintiff has not requested any extension of time for service pursuant to Rule 4(m) of the Federal

12  Rules of Civil Procedure.  He has not only failed to establish good cause for his failure to timely

13  effect service, but there is no indication in the record that plaintiff has been diligent in his efforts

14  to obtain the correct name of Defendant Claudel.  See Fed. R. Civ. P. 4(m).  Absent a motion or

15  any indication of diligence by plaintiff, this court will not sua sponte issue an extension of time

16  for service of process in this case where plaintiff is represented by counsel.  See e.g., Efaw v.

17  Williams, 473 F.3d 1038 (9th Cir. 2007) (finding that the trial court abused its discretion in

18  denying defendant's motion to dismiss based on plaintiff's failure to comply with Rule 4's timely

19  service requirements); In re Sheehan, 253 F.3d 507, 512-513 (9th Cir. 2001) (stating that in the

20  absence of good cause a court has the discretion to dismiss the complaint without prejudice or to

21  extend the time period for service of process).

22      Therefore, in light of the procedural history of this case as well as this court's denial of

23  plaintiff's motion for leave to file an amended complaint changing the name of Defendant D.

24  Claudel to V. Amparano, his request for a summons is denied.

25      Therefore, IT IS HEREBY ORDERED that:

26      1.  Plaintiff's motion for reconsideration (ECF No. 57) is denied;

27      2.  Plaintiff's request for issuance of a summons directed to V. Caudill (ECF No. 69) is

28          denied as moot; and,

4

3. Plaintiff's amended request for issuance of a summons directed to V. Amparano (ECF No. 70) is denied without prejudice to the filing of a formal motion for an extension of time for service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure **before the close of the discovery period on July 17, 2017**.  Any such motion for an extension of time shall be accompanied by a motion to modify the discovery and scheduling order in this case.

Dated:  July 7, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kink1375.850.docx