XAVIER BECERRA, State Bar No. 118517
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Supervising Deputy Attorney General
ASEIL MOHMOUD, State Bar No. 300132
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-3304
 Fax: (916) 324-5205
 E-mail: Aseil.Mohmoud@doj.ca.gov
*Attorneys for Defendant Oddie*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CARLOS KINKEADE,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**JEFFERY BEARD, et al.,**<br><br>　　　　　　　　　　Defendants. | 2:15-cv-1375 TLN CKD (PC)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Judge:　　Honorable Carolyn K. Delaney<br>Trial Date:　None<br>Action Filed: June 29, 2015 |

**IT IS STIPULATED BY THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

**A.　CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER.**

In this action, Plaintiff has requested a copy of the record of 602-administrative grievances filed by Plaintiff Kinkeade against Defendant in the above captioned matter, including documents that the California Department of Corrections and Rehabilitation ("CDCR") contends are "Confidential Material" as defined herein and described as an internal review of the allegations asserted in the grievances  This internal review includes a record of interviews with officers and the inmate in question, and the observations of correctional personnel, as well as a summary of

1

1  the findings. This informationis not made public, not disclosed to non-party officers (or even the
2  officer who is the subject of the appeal), and certainly not disclosed to inmates for security
3  reasons in order to preserve the sanctity of the information provided and protect the identities of
4  staff and inmates who are interviewed. CDCR contends that these evaluations contain information
5  about staff and inmates, any public disclosure of which poses a threat of harm to staff and inmates
6  involved and those who were interviewed and voluntarily disclosed information that may have led
7  to corrective action.

8  CDCR asserts that these materials have been deemed confidential for safety and security
9  reasons and have been restricted from general distribution, including but not limited to, inmates,
10 parolees, and the public. The undersigned parties, through their counsel of record, stipulate that
11 the provision of is Protective Order shall apply to the Confidential Materials described below.

12 This Order covers the following materials referred to herein as "Confidential Material:" The
13 records titled "Confidential Supplement to Appeal" for appeal log numbers KVSP-O-13-00650
14 and KVSP-O-13-01916.

**B.   THE "CONFIDENTIAL SUPPLEMENT TO APPEAL" OF APPEAL LOG NUMBERS KVSP-O-00650 AND KVSP-O-13-01916**

17 NEED FOR PROTECTION OF CONFIDENTIAL MATERIAL.

18 CDCR contends that the investigation into allegations of use of force by a staff member,
19 which documents the identities and observations of staff and inmates who witnessed or were
20 participants in purported use of force, are protected by the official information privilege and that
21 maintaining confidentiality of these reports is necessary to protect staff and inmates from harm
22 and encourage witnesses to provide candid and truthful statements. CDCR contends that
23 Government Code section 6254, and California Code of Regulations Title, 15 section 3321, are
24 applicable to the Confidential Material. Public disclosure of such information would endanger
25 institutional safety by disclosing the identities of staff and inmates and information obtained
26 regarding use of force incidents to those who may use the information to inflict further harm on
27 the persons involved.
28 ///

**C.     NEED FOR A COURT ORDER**

Since CDCR is not a party to this litigation, a private agreement among the parties is not sufficient to protect CDCR's interests in maintaining the confidentiality of these investigative documents and the identities of staff and inmates involved.

**D.     CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS**

The Court orders the following to protect the confidentiality of the Confidential Material described above:

1. The provisions of this Protective Order apply to the Confidential Material described herein. The Court-issued Protective Order applies because CDCR contends that these documents contain confidential information, which if shared, could jeopardize the safety and security of CDCR institutions, its employees, inmates, informants and their families, the Defendant, or other individuals. These documents shall be designated as "Confidential – Attorneys Eyes Only" on each page. Any failure to mark the documents containing Confidential Material as "Confidential – Attorneys Eyes Only" shall not operate as a waiver of the protections provided under this Protective Order.

2. Confidential Material may only be disclosed to the following persons:

   a. The Court, court personnel, and court reporters employed by the Court;

   b. Defendant Kinkeade's retained attorney of record, including any future counsel Kinkeade may retain in this matter, if at all;

   c. Paralegal, secretarial, or clerical personnel regularly employed by counsel for Defendant Kinkeade, who are necessary to aid counsel for Kinkeade in the litigation of this matter; and

   d. Any other person to whom Kinkeade's counsel and Defendant Oddie's counsel agree to, in writing.

3. This Stipulated Protective Order precludes Defendant Kinkeade's counsel from disclosing Confidential Material to Kinkeade, limited to the documents themselves and any duplicates or copies thereof.

///

4. This Stipulated Protective Order precludes Defendant Kinkeade's counsel from disclosing Confidential Material, including documents or information, to any member of Kinkeade's family, friends, or associates of Kinkeade, or any inmate, parolee, or member of the public.

5. A copy of this order must be provided to any individual authorized to access the Confidential Material before providing that individual with access to the Confidential Material, and that individual must agree in writing to comply with this order. They must additionally agree to maintain Confidential Material, including copies, notes, or other transcriptions made from the Confidential Material, in a secure manner to prevent unauthorized access. Finally, they must agree to return the Confidential Material, including copies, notes, or other transcriptions made from the materials, to counsel for Defendant Oddie within thirty days after conclusion of this action. Counsel for the parties shall maintain a record of all persons to whom access to the Confidential Material has been provided. The Court and counsel for Defendant and CDCR may request a copy of such record at any time to determine compliance with the Court's order.

6. No person who has access to the Confidential Material, as set forth in paragraph 2, shall copy any portion of the Confidential Material, except as necessary to provide a copy of the Confidential Material to any other authorized individual listed in paragraph 2, or to submit copies to the Court under seal in connection with this matter.  Any copies made for such purpose will be subject to this order.

7. None of the Confidential Material shall be shown to, discussed with, or disclosed in any other manner to any other inmate or former inmate or any other person not indicated in paragraph 2, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendant Oddie and CDCR, who maintain possession and control over the original Confidential Material.

8. No person who has been afforded access to Confidential Material under this Protective Order shall disclose or discuss the Confidential Material except as is necessary for the litigation, or settlement of this action, and then only in accordance with Paragraphs 2 through 4 of this Order.

9. Any exhibits or documents filed with the Court that reveal Confidential Material, or the contents of any Confidential Material, are to be filed under seal and labeled with a cover sheet bearing the case name and number and the statement: "This document is subject to a Protective Order issued by the Court and may not be copied or examined except in compliance with that Order." Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the Court or counsel of record for the parties. If any party fails to file Confidential Material in accordance with this paragraph, any party may request that the Court place the filing under seal.

10. The portion(s) of any transcript of a deposition of any witness testifying about confidential information shall be designated as confidential by the court reporter at the request of Defendant and/or CDCR and kept under seal subject to a further order of the Court. Information or material designated as confidential by Defendant and/or CDCR may be disclosed or discussed in open court, subject to a Motion in Limine and/or Motion for Protective Order filed by Defendant and/or CDCR.

11. At the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, counsel for Kinkeade shall destroy all Confidential Materials and all copies of such material in counsel's possession or return such materials to this Office.

12. All Confidential Material in this matter shall be used solely in connection with the litigation of this matter, or any related appellate proceeding and collateral review, and not for any other purpose, including any other litigation or proceeding.

13. Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

14. The provisions of this order are without prejudice to the right of any party:

   a. To apply to the Court for a further protective order relating to any other confidential documents or material, or relating to discovery in this litigation;

   b. To apply to the Court for an order removing the Confidential Material designation from any documents; or

5

      c.   To object to a discovery request.

15.   Upon entry of this order by the Court, CDCR will produce the records forthwith.

16.   The provisions of this order shall remain in effect until further order of this Court. The Court will provide counsel for Defendant and/or CDCR an opportunity to be heard should the Court find modification of this order necessary.

**SO STIPULATED.**

Dated: July 19, 2017

          */s/ Ken I. Karan*
          KEN I. KARAN
          *Attorney for Carlos Kinkeade*

          XAVIER BECERRA
          Attorney General of California
          MONICA N. ANDERSON
          Supervising Deputy Attorney General

          */s/ Aseil Mohmoud*
          ASEIL MOHMOUD
          Deputy Attorney General
          *Attorneys for Defendant Oddie*

**IT IS SO ORDERED**, **with the additional proviso that if the parties wish to file materials under seal, they must comply with Local Rules 141 and 141.1.**

Dated: July 20, 2017

          CAROLYN K. DELANEY
          UNITED STATES MAGISTRATE JUDGE

SA2015302698
32969369.doc