UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS KINKEADE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFFERY BEARD, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1375 TLN CKD P<br><br><br>ORDER |

Plaintiff, a California state prisoner, is proceeding through counsel with this 42 U.S.C. § 1983 civil rights action against correctional officers A. Oddie and D. Claudel. The court is currently scheduled to hear argument on plaintiff's motion to compel (ECF No. 81) and defendants' motion for sanctions (ECF No. 84) on September 6, 2017. This hearing has already been continued once because plaintiff did not have access to the evidentiary materials to oppose defendants' motion for sanctions. See ECF Nos. 95-96. Plaintiff has now filed a request for a court order compelling defense counsel to provide him with a copy of his client's deposition as well as copies of the unpublished cases cited by defendants in their motion. ECF No. 98.

The court is troubled by the repeated use of court resources to resolve minor disputes which should be easily managed by the parties. Indeed, the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California were developed to guide the parties in

////

resolving their quarrels without the need for court intervention. The parties are encouraged to refer to these rules to resolve disputes in the future.

With that in mind, the court will settle the present dispute with the goal of moving this case forward in a timely fashion. The court cautions the parties that no further extensions of time will be granted to fully brief the present motions set for argument on September 6, 2017.

Local Rule 133(j) requires the party relying on a deposition as part of a motion to file an electronic or paper copy with the court and to "concurrently email or otherwise transmit the deposition to all other parties." However, the court emphasizes that defense counsel is not required to provide plaintiff's counsel with a **free copy** of the deposition. See Whittenberg v. Roll, No. CIV S–04–2313 FCD JFM P, 2006 WL 657381 at *5 (E.D. Cal. Mar. 15, 2006) (denying plaintiff's motion to compel defendant to provide him with a copy of the deposition transcript free of charge). Although granted leave to proceed in forma pauperis, "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)). The expenditure of public funds for deposition transcripts is not authorized by the in forma pauperis statute or any other statute cited by plaintiff. See 28 U.S.C. § 1915. This is especially true when plaintiff is proceeding through counsel. To the extent that plaintiff's current motion seeks a free copy of plaintiff's deposition, the motion is denied. To the extent that plaintiff seeks compliance with this Local Rule, the motion is granted. Defense counsel shall produce a copy of plaintiff's deposition upon receipt of the costs for photocopying a paper copy or reproducing an electronic copy of it from plaintiff's counsel.

To the extent that plaintiff is seeking a photocopy of the unpublished decisions cited in defendants' motion for sanctions, the request is denied. Defense counsel has provided adequate information for plaintiff's counsel to be able to locate the cases even without access to Westlaw or Lexis. If plaintiff's counsel is unable to pay for legal research, he is advised that free trials are available of several online legal research databases including Loislaw and Fastcase.

/////

/////

Therefore, IT IS HEREBY ORDERED that plaintiff's request (ECF No. 98) is granted in part and denied in part as described herein.

Dated: August 22, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kink1375.docx