UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS KINKEADE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFERY BEARD, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1375 TLN CKD P<br><br><br>ORDER |

Plaintiff, a California state prisoner who is proceeding through counsel, filed this 42 U.S.C. § 1983 civil rights action raising an Eighth Amendment excessive force claim against correctional officers A. Oddie and D. Claudel on June 29, 2015. ECF No. 1. Plaintiff's counsel entered his appearance in this case on November 10, 2016. See ECF No. 27. The parties then submitted a joint scheduling report which was entered by the court on December 22, 2016. ECF No. 33. By agreement, the parties set the deadline for discovery motions as July 17, 2017 which was later extended to July 21, 2017 by stipulation. Id. On the eve of that deadline, the parties filed a flurry of motions which are now pending before the court. See ECF Nos. 75, 76, 81, 83, 84, 85. On September 6, 2017, the court held a hearing on plaintiff's motion to compel and defendant's motion for sanctions. For the reasons discussed below, the court will rule on all the pending motions in an effort to advance this litigation in an expeditious and just manner.

////

1

I.     **Plaintiff's Motion to Compel**

On July 19, 2017, plaintiff filed a motion to compel the production of documents "subpoenaed by plaintiff from [CDCR]." ECF No. 81. Two days later, plaintiff filed an amended motion to compel, identical to the first except that it sought to recover the cost of bringing the motion. ECF No. 85. Following a hearing on the motion to compel on September 6, 2017, defense counsel submitted proposed responsive documents for in camera review. ECF No. 105. Defendant also submitted a privilege log and a declaration by the Kern Valley State Prison Litigation Coordinator in support of defendant's assertion of privilege.

**A. Legal Standard**

The Supreme Court has long noted that privileges are disfavored. Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988). Privileges are to be "strictly construed" because they "impede full and free discovery of the truth." Eureka Fin. Corp. v. Hartford Accident & Indem. Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "If the privilege is worth protecting, a litigant must be prepared to expend some time to justify the assertion of the privilege." Id.

In civil rights cases brought under section 1983, questions of privilege are resolved by federal law. Kerr v. United States Dist. Court for the N. Dist. of Cal., 511 F.2d 192, 197 (9th Cir. 1975), aff'd 426 U.S. 394 (1976). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653, 655-56 (N.D. Cal. 1987).

In Kerr, the Ninth Circuit Court of Appeals examined the government's claim of the official information privilege as a basis to withhold documents sought under the Freedom of Information Act. It explained that the "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) ... is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure." Kerr, 511 F.2d at 198 (internal citations and quotations omitted).

////

The Ninth Circuit has since followed Kerr in requiring a balancing of interests and in camera review in ruling on the government's claim of the official information privilege. See, e.g., Seminara v. City of Long Beach, 68 F.3d 481 (9th Cir. 1995) (affirming Magistrate Judge order compelling disclosure and stating "[f]ederal common law recognizes a qualified privilege for official information"); Breed v. United States Dist. Court for N. Dist. of Cal., 542 F.2d 1114, 1116 (9th Cir. 1976) ("Also, as required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.' "). "Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991) (internal citations and quotations omitted). "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting Kelly, 114 F.R.D. at 661, 662).

The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters attested. Soto, 162 F.R.D. at 613. "The claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege." Kerr, 511 F.2d at 198 (citation omitted). The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. Soto, 162 F.R.D. at 613. In addition, "[t]he

3

asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." Miller v. Panucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

**B. Analysis**

Broadly speaking, the responsive documents are from defendant Oddie's personnel file and classified as confidential. In support of defendant's assertion of privilege, Litigation Coordinator B. Hancock declares that the disclosure of these documents would compromise the safety of inmates and staff and discourage forthright cooperation in the internal review process. Persons identified in the report would be "in imminent danger of harm if their identities and statements were revealed to anyone" and subject to retaliation. Hancock asserts that, even if the documents are subject to a protective order, such an order "cannot guarantee that this information will not make its way into the inmate population" to ill effect.

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of the disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Id. at 1033–34. "[W]here otherwise discoverable information would pose a threat to the safety and security of a prison . . . , a need may arise for the Court to balance interests in determining whether disclosure should occur." Scott v. Palmer, No. 1:09-cv-01329 LJO SKO, 2014 WL 6685810, *1 (E.D. Cal. Nov. 26, 2014) (collecting cases). "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995).

The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters attested. Id. "If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents in issue. If a defendant meets the threshold requirements, the court will order an in camera review of the material and balance each party's interests." Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D.

Cal. 1996).

Having reviewed the documents in camera, the court finds that they are relevant to this action, and that defendant has not demonstrated a complete statutory or privacy bar to their disclosure under the conditions set forth below.[1]

**C. Protective Order**

Given the institutional concerns related to the production of these documents, the court shall sua sponte issue a Protective Order, as part of this order granting the motion to compel. See Garcia v. Clark, No. 1:10–CV–00447–LJO–DLB PC, 2012 WL 1232315, at *6 n. 5 (E.D. Cal. Apr.12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08–cv–01380–AWI–BAM PC, 2012 WL 912746, at *2–3 (E.D. Cal. Mar.16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison).

Defendant shall produce the said material, and plaintiff may review it and use it in litigating this matter subject to and strictly in accordance with following terms and conditions:

1. Prior to producing the documents, defendant shall redact any reference to the particular inmate's name and number who is referenced in the material since it is not the plaintiff.

2. The confidential documents may be submitted to the possession of the following persons:

    a. Counsel for plaintiff in this action;

    b. Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel for plaintiff;

    c. Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for trial or trial of this action;

    d. Any outside expert or consultant retained by plaintiff's counsel for purposes of this action; and

---

[1] Although the court will order defendant to turn over the material subject to a protective order, the court does not find the award of costs to plaintiff to be warranted given the sensitive nature of the materials which substantially justified defendant's opposition to the motion to compel.

5

    e. Non-inmate witnesses to whom the materials need be disclosed as necessary for preparation for trial and trial of this case, provided that each witness shall be informed of and agree in writing to be bound by the terms of this order, and shall not, in any event, be permitted to take or retain copies of the material.

  3. Upon final judgment and resolution of any appeal, plaintiff's counsel shall return or destroy all such materials still in or subject to their possession or control, and shall provide defendant's counsel with a sworn declaration stating he has done so.

  4. Confidential material obtained by plaintiff's counsel shall not be disclosed, except as is necessary to the litigation of this case or its appeal, and for no other purpose.

  5. Any confidential material filed with the court by either party shall be filed and maintained under seal.

  6. Any violation of this Protective Order may be punishable as Contempt of Court and also may subject the violating party to litigation sanctions, including dispositive sanctions, in the court's discretion;

  7. Nothing in this Protective Order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

  8. The provisions of this Protective Order are without prejudice to the right of any party:

    a. To apply to the court for a further protective order relating to this or any confidential material or relating to discovery in this litigation;

    b. To apply to the court for an order removing the confidential material designation from any documents;

    c. To apply to the court for an order modifying this Protective Order for good cause shown; or

    d. To object to a discovery request.

  9. The provisions of this order shall remain in full force and effect until further order of this court.

/////

**II.     Defendant's Motion for Sanctions**

On July 21, 2017, defendant filed a motion for sanctions, citing plaintiff's "complete disregard of the discovery rules and deadlines" and various other actions and omissions by plaintiff's counsel, which – as evidenced by the docket in this action – have led to a great deal of fractious and unnecessary litigation unrelated to the substance of this case. ECF No. 84. The court addressed this issue with plaintiff's counsel in ex parte communications on September 6, 2017. ECF Nos. 84, 105. Plaintiff has opposed the motion. ECF No. 102.

The Court derives the power to impose sanctions on parties or their counsel from three primary sources of authority: "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

The Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43–46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the court's inherent authority is discretionary. Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995). The court's "inherent power 'extends to a full range of litigation abuses.'" Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46–47). However, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994.

If a party fails to appear for deposition, sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P 37(d)(1)(A)(i); Henry v. Gill Industries, Inc., 983 F.2d 943, 947. Repeated last-minute cancellations constitute "failure to appear." Id. A party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion, or if other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5).

Here, there is no demonstration of bad faith on the part of plaintiff's counsel. While defendant's counsel has been inconvenienced frequently by the actions of plaintiff's counsel, no

prejudice sufficient to impose sanctions has been demonstrated.

**III. Plaintiff's Motions for an Extension of Time to Serve and Depose Defendant Claudel, AKA Amparano**

On July 10, 2017, plaintiff filed two motions for extensions of time to serve and depose defendant Oddie's alleged "partner in supervising plaintiff on the days in question," originally named as defendant Claudel and subsequently identified as a Ms. Amparano.[2] ECF Nos. 75, 76.

Even though plaintiff's counsel demonstrated his ability to properly notice a motion for a hearing before the court, he failed to schedule a hearing date on his motions for an extension of time to complete discovery and to serve a summons on defendant Claudel, AKA Amparano. Compare ECF Nos. 42, 53, 81 (hearing properly noticed) with ECF Nos. 75 and 76 (no hearing noticed). Following discussion of his confusion concerning Local Rule 230 at the September 6, 2017 hearing, plaintiff's counsel finally noticed his July 10, 2017 motions for a hearing on October 11, 2017. See ECF Nos. 107-108. Plaintiff's counsel purported to explain this time lag by blaming the court for not notifying him immediately of the defects in his filing. Id. at 2. The court is unmoved by plaintiff's justification and remains perplexed by plaintiff's counsel's ability to follow the Local Rules one day, but not the next. Nonetheless, at the September 6, 2017 motions hearing, plaintiff was provided the opportunity to explain why he needed additional time to serve and depose defendant Claudel, AKA Amparano.

In light of the argument presented at the hearing and after review of the extensive briefing on the motions for an extension of time, the court will exercise its discretion to manage its own docket and vacate the October 11, 2017 hearing date. For the reasons discussed below, the court will deny both motions.

Plaintiff had the opportunity to depose Amparano, but chose not to pay the costs associated with deposing a non-party. Instead, he waited until the proverbial eleventh hour at the close of the agreed upon discovery period and filed a motion for an extension of time. "Plaintiff's in forma pauperis status ... does not entitle him to waiver of witness fees, mileage or deposition

---

[2] Complicating matters, Ms. Amparano previously went by the surname Caudill.

officer fees." Jackson v. Woodford, 2007 WL 2580566, at *1. (S.D. Cal. August 17, 2007). Absent reasonable diligence, plaintiff has not shown good cause for extensions of time.

**IV. Settlement Conference**

The court has already expressed its concern to the parties about the pace at which this case is proceeding in light of plaintiff's deteriorating health. Mindful of that concern, the court is inclined to schedule a settlement conference in this matter before a randomly assigned magistrate judge.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 21 days from the date of this order, the parties are ordered to file a notice indicating their views on scheduling this case for a settlement conference;
2. Plaintiff's motion to compel (ECF No. 81) is granted subject to the conditions stated in the protective order herein;
3. Plaintiff's motion for costs associated with the motion to compel (ECF No. 85) is denied;
4. Defendant is ordered to produce the Personnel File Record/Internal Memorandum identified in the privilege log submitted in camera on September 8, 2017, within 7 days of this order;
5. Defendant's motion for monetary sanctions (ECF No. 84) is denied;
6. The October 11, 2017 hearings on plaintiff's motions for an extension of time to serve a summons and complete discovery are vacated;
7. Plaintiff's motion for an extension of time to complete discovery (ECF No. 75) is denied; and,
8. Plaintiff's motion for an extension of time to serve a summons (ECF No. 76) is denied.

Dated: September 19, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kink1375.motion2compel&sanctions.docx

9