1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    CARLOS KINKEADE,                        No.  2:15-cv-01375 TLN CKD P

10                      Plaintiff,

11         v.                                FINDINGS AND RECOMMENDATIONS

12   A. ODDIE, et al.,

13                      Defendants.

14

15         Plaintiff, a former California state prisoner, is proceeding through counsel with this civil

16   rights action filed pursuant to 42 U.S.C. § 1983.  On October 9, 2017, plaintiff's counsel filed a

17   notice of suggestion of plaintiff's death upon the record.  ECF No. 114.  Currently pending before

18   the court is plaintiff's motion to substitute Julia Bogle, the administrator of plaintiff's estate, as

19   plaintiff in the pending action.  ECF No. 117.  After full briefing on the motion, a hearing was

20   held before the undersigned on February 14, 2018.  ECF No. 123.  Plaintiff's motion to substitute

21   was taken under advisement in light of the long and tortured history of this case.  For the reasons

22   outlined below, the undersigned recommends granting plaintiff's motion to substitute as amended

23   by the declaration filed on February 15, 2018.  ECF No. 124.

24         **I.    Facts**

25         The notice of suggestion of death on record was filed almost immediately after plaintiff's

26   death due to a pending court deadline in this case.  See ECF No. 120 at 2 (explaining that

27   plaintiff's counsel was "compelled… to give the Court formal notice of Mr. Kinkeade's death"

28   before he was ready).  As a result, plaintiff had 90 days from October 9, 2017 to file a motion to

                                              1

substitute a proper plaintiff.  <u>See</u> Fed. R. Civ. P. 25(a).

## II.    Motion to Substitute Plaintiff

On January 4, 2018, plaintiff's counsel filed a motion to substitute Julia Bogle, the mother of Carlos Kinkeade, as plaintiff in this case.  ECF No. 117.  However, at the time the motion to substitute was filed, the San Joaquin County Superior Court had yet to issue Letters of Administration appointing Mrs. Bogle as the administrator of Mr. Kinkeade's estate.  The state probate court required proof of service of the petition on plaintiff's biological father.  <u>See</u> ECF Nos. 119 at 5-11, 120 at 408.[1]  As a result, Julia Bogle was not appointed administrator of Mr. Kinkeade's Estate until February 14, 2018.  <u>See</u> ECF No. 124 (Declaration of Ken Karan in support of motion to substitute).

Defendant's response to the motion to substitute contends that it should be denied as premature because it was filed before the probate court declared Julia Bogle as the administrator of plaintiff's estate.[2]  ECF No. 118.  Since the motion to substitute was not filed by the administrator of plaintiff's estate, defendant argues that plaintiff's counsel did not have standing to file the motion for substitution of parties.  <u>Id.</u> at 2-3 (citing <u>Atkins v. City of Chicago</u>, 547 F.3d 869, 872 (7th Cir. 2008).  According to defendant, plaintiff should have filed a motion for an extension of time to file a proper motion to substitute parties before the 90 day deadline expired on January 8, 2018.  <u>Id.</u> at 4.  Defendant requests dismissal of the case "for failure to timely substitute a real party in interest or request an extension of time to that effect."  ECF No. 118 at 1.

By way of reply, plaintiff's counsel asserts that the 90 day period under Rule 25 does not

---

[1] To the extent that both plaintiff's counsel and defendant request the court to take judicial notice of these documents issued by the San Joaquin County Superior Court, the requests are granted.  <u>See</u> Fed. R. Evid. 201(b)(2).  Although the parties dispute exactly how many hearings were held in the state probate court, the court does not find that issue relevant in determining whether judicial notice is appropriate.

[2] The court notes that defendant does not argue that plaintiff's claim has been extinguished by virtue of his death.  <u>See</u> Fed. R. Civ. P. 25(a)(1).  In this respect, the parties agree that the Eighth Amendment claim against defendant Oddie is not extinguished.  <u>See</u> 42 U.S.C. § 1988; <u>see also</u> <u>Robertson v. Wegmann</u>, 436 U.S. 584 (1991) (explaining that 42 U.S.C. § 1988 defers to state statutory law in the forum state to determine whether federal civil rights claims survive the plaintiff's death, so long as state law is not inconsistent with the federal Constitution or statutes); Cal. Code Civ. Proc. § 377.20(a) (stating that "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period.").

start to run until "Mr. Kinkeade's estate comes into existence" through the formal appointment of an administrator. ECF No. 120 at 2 (citing <u>Keva Sampson v. ASC Industries</u>, 780 F.3d 679, 682 (5th Cir. 2015). With regards to the standing argument, plaintiff's counsel indicates that this issue is relevant only at the time the motion "is decided" and not at the time of filing. Notwithstanding his argument that Rule 25 "plainly states that extensions of time are not allowed," plaintiff's counsel "requests that the Court provide additional time to satisfy any remaining issues to complete the substitution process" by extending the time required by Rule 25. <u>Id.</u> at 3.

### III.    Legal Analysis

Rule 25 of the Federal Rules of Civil Procedure provides that:

> "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

In deciding a motion to substitute under Rule 25(a)(1), the court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and, (3) the person being substituted is a proper party. <u>Id.</u> If Rule 25(a) (1) is met, "[t]he substituted party steps into the same position as [the] original party." <u>Hilao v. Estate of Marcos</u>, 103 F.3d 762, 766 (9th Cir. 1996).

In this case, the service of the suggestion of plaintiff's death on Julia Bogle was sufficient to trigger the 90 day deadline for filing a motion to substitute under Rule 25. Plaintiff's motion for substitution was filed within 90 days of this statement noting death, and is therefore timely.

The dispute in this case is based on a different defect with the motion to substitute. While probate proceedings had been initiated at the time that plaintiff's counsel filed the motion to substitute, the letters of administration appointing Julia Bogle had not yet been issued. Therefore, she had no standing to file a motion for substitution in this court. <u>See</u> <u>Schalow v. San Bernadino County</u>, 191 F.3d 461 (9th Cir. 1999) (unpub.) (affirming the denial of a motion to substitute the deceased plaintiff's estate under Rule 25 based on lack of standing where the estate had never been established while the motion was pending despite numerous continuances). In light of the

pending probate proceedings, plaintiff's counsel did formally request an extension of time to correct any defects with the motion to substitute. <u>See</u> ECF No. 120 at 3. On the day of the hearing on the motion to substitute, the San Joaquin County Superior Court formally issued the Letters of Administration to Julia Bogle. <u>See</u> ECF No. 124. Plaintiff's counsel filed an affidavit documenting that fact on February 15, 2018. <u>Id.</u> Accordingly, the initial defect in the motion has been cured.

Based on these events, the court will grant plaintiff's request for an extension of time to amend his motion to substitute to reflect the fact that Letters of Administration were issued on February 14, 2018 formally appointing Julia Bogle as administrator of the estate of Carlos Kinkeade. <u>See</u> <u>Zanowick v. Baxter Healthcare Corporation</u>, 850 F.3d 1090 (9th Cir. 2017) (explaining that "Rule 6(b) 'works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution.'") (citation omitted). The court will construe plaintiff's declaration in support of the motion for substitution of a successor in interest filed on February 15, 2018 as the amended motion to substitute. So construed, the undersigned recommends granting the amended motion to substitute Julia Bogle, the administrator of the estate of Carlos Kinkeade, as the plaintiff in this case.

## IV. Service of Summons

Upon review of the docket, the court notes that defendant D. Amparano was never served with the summons. The summons was returned unexecuted on November 10, 2016. <u>See</u> ECF No. 28. By order dated September 20, 2017, the court denied plaintiff's motion for an extension of time to serve the summons on this defendant.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time." By order of September 20, 2017, this court denied plaintiff's motion for an extension of time to serve the summons on defendant D. Amparano. ECF No. 110. Accordingly, the court, on its own motion, recommends dismissing this action without prejudice against D. Amparano.

4

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request for an extension of time to amend the motion for substitution is granted.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's amended motion for substitution, ECF No. 124, be granted.

2. The Clerk of Court be directed to substitute Julia Bogle, Administrator of the Estate of Carlos Kinkeade, as plaintiff in this action.

3. Defendant D. Amparano be dismissed without prejudice based on plaintiff's failure to timely serve the summons.

4. The dispositive motions deadline be reset.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 11, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE