UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BOGLE, Administrator of the Estate of Carlos Kinkeade,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY BEARD,<br><br>Defendants. | No. 2:15-cv-01375-TLN-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, the Administrator of the Estate of Carlos Kinkeade, a former California state prisoner, is proceeding through counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on the pro se complaint filed June 29, 2015 which alleges that defendant A. Oddie used excessive force in violation of the Eighth Amendment while Mr. Kinkeade was hospitalized at San Joaquin Community Hospital and Bakersfield Memorial Hospital. See ECF No. 7 (screening order). Currently pending before the court is defendant's motion for summary judgment. ECF No. 130. Following full briefing on the motion, the court heard oral arguments on January 30, 2019. For the reasons that follow, the undersigned recommends granting defendant's motion for summary judgment.

**I.      Summary Judgment Standards Under Rule 56**

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

1

Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce

the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). Moreover, factual disputes that do not affect the outcome of the case are irrelevant in resolving a summary judgment motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**II.     Legal Standards Governing the Use of Force**

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). To determine whether the defendant's use of force was malicious and sadistic, the Hudson Court laid out five factors derived from Whitley v. Albers, 475 U.S. 312 (1986), for courts to consider: (1) the extent of injury suffered by an inmate, (2) the need for application of force, (3) the relationship between that need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321). In weighing these factors, "[u]nless it appears that the evidence, viewed in the

3

light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard ... the case should not go to the jury." See Whitley, 475 U.S. at 322.

**III. Facts**

**A. Allegations in the Complaint**

In his verified complaint, Mr. Kinkeade described experiencing "severe medical complications" resulting from the paralysis of his legs that required treatment at outside hospitals while a CDCR inmate. ECF No. 1 at 6-8. Mr. Kinkeade alleged that on February 4, 2013, while being treated at San Joaquin Community Hospital for pressure sores on his right hip, defendant Oddie began her shift at 10:00 pm by shackling his left wrist above his head to the hospital bed rather than handcuffing him "at waist level." ECF No. 1 at 9. Mr. Kinkeade cried out in pain but defendant Oddie "refused to change the position" of the handcuff. Id. He asserted that there was no penological interest in restraining him to the hospital bed in such a painful manner because his medical condition already left him paralyzed and unable to walk. Id. Later in this same shift, defendant Oddie "rearrange[d]" Mr. Kinkeade's leg restraints while he was experiencing excruciating neuropathic pain. ECF No. 1 at 6-10. Defendant Oddie "grabbed a hold of" his right leg and straightened it out in order to place a leg restraint on it "despite [Mr. Kinkeade']s screaming that his leg does [not] straighten out." ECF No. 1 at 7. Mr. Kinkeade alleges that this excessive use of force in the placement of his leg restraint caused his pressure sore to open up. Id. at 10.

On June 26, 2013, Mr. Kinkeade was transferred to Bakersfield Memorial Hospital for surgery on his right hip. ECF No. 1 at 10. At approximately 11:00 p.m. that night, defendant Oddie once again "pulled on [Mr. Kinkeade]'s right leg and handcuffed him to the bed in an unnatural position, as he screamed out that she was hurting him." ECF No. 1 at 7, 10-11. "As a result of defendant Oddie's actions, [Mr. Kinkeade]'s wound from the recent surgery opened and began to bleed profusely, taking hours and numerous packing with gauze to stop the bleeding." ECF No. 1 at 11. Mr. Kinkeade also alleged that on this occasion defendant Oddie cuffed his right leg "so tight that the metal dug into his leg causing a lesion to develop on his right ankle."

4

Id. at 7.

**B. Undisputed Material Facts[1]**

At all times relevant to this action, Mr. Kinkeade was a paraplegic state prisoner housed at Kern Valley State Prison who had been confined to a wheelchair since 1991 due to a spinal cord injury. Defendant's Statement of Undisputed Material Facts ("DSUF") at ¶ 1, 2. Mr. Kinkeade was paralyzed from the waist down and his legs had atrophied as a result of years of inactivity. DSUF at ¶ 2. He suffered from extreme neuropathic pain which plaintiff indicated caused right leg spasms. DSUF at ¶ 3; ECF No. 132-2 at 13 (Plaintiff's Deposition)[2]; ECF No. 13-2 at 15.

Defendant was not at work on February 4, 2013, because it was her Regular Day Off ("RDO"). DSUF at ¶ 6. On June 25, 2013, defendant was assigned to guard an inmate whose name begins with a "G" at San Juan Community Hospital. DSUF at ¶ 7. Mr. Kinkeade was not hospitalized at San Joaquin Community Hospital on June 25, 2013. DSUF at ¶ 8.

Mr. Kinkeade was admitted to Bakersfield Memorial Hospital on June 25, 2013. Defendant was assigned to guard Mr. Kinkeade from 2300 hours on June 25, 2013 until 0700 hours on June 26, 2013. ECF No. 130-4 at 12 (Sign-In/Out Sheet); DSUF at ¶ 5; Plaintiff's Statement of Disputed Facts ("PSDF") at ¶ 1, 19.

Mr. Kinkeade did not remember ever asking defendant to use soft restraints on him as opposed to leg restraints. DSUF at ¶ 9. Nor did Mr. Kinkeade recall telling defendant on June 25th or 26th, 2013 that the metal leg restraints were too tight around his ankle. DSUF at ¶ 10; ECF No. 130-2 at 16-17 (Plaintiff's Deposition). Mr. Kinkeade didn't think that he asked any of the nursing staff to call a correctional officer to fix his leg restraints while at Bakersfield Memorial Hospital in June 2013. DSUF at ¶ 11; ECF No. 130-2 at 20-21 (Plaintiff's Deposition).

---

[1] To the extent that the court relies on evidence that has been objected to, such objections are overruled. Furthermore, the court has only considered evidence that is admissible. See ECF No. 132-1 at 1-15 (Plaintiff's Statement of Genuine Issues in Opposition to Motion for Summary Judgment; see also Fed. R. Civ. P. 56(c)(4); see also Block v. City of Los Angeles, 253 F.3d 410, 419 (9th Cir. 2001) (holding that it was an abuse of discretion for the district court, at the summary judgment stage, to consider information from an affidavit based on inadmissible hearsay rather than the affiant's personal knowledge).

[2] All page references to plaintiff's deposition refer to the electronic page numbers assigned to the case management electronic court filing system ("CMECF").

He did not see any injury or swelling to his right ankle on June 26, 2013 after defendant had allegedly used force in applying restraints to his right leg. DSUF at ¶ 12. Mr. Kinkeade recalled feeling "more pain" after defendant applied the restraints to his right ankle on June 25th-26th, 2013 because he was already in pain when she arrived for her shift. DSUF at ¶ 13; ECF No. 130-2 at 17 (Plaintiff's Deposition).

Mr. Kinkeade's medical records from Bakersfield Memorial Hospital indicate that he was admitted on June 25, 2013 for a "complicated" surgery on his right hip. ECF No. 132-2 at 116. The same records indicate that he had scabs on his right ankle at 12:30 pm on that same day. Id. at 119. At 6:00 p.m. the dressing on his surgical site was noted to be "intact." Id. at 120. An undated medical record, which plaintiff presumes is from June 26, 2013, indicates that Mr. Kinkeade was noted to be "in distress" with "occasional leg spasm" at 0420 a.m. ECF No. 132-2 at 123. The dressing from his surgical site was saturated with blood at this time and it was changed. Id. Less than two hours later, at 0610 a.m. the dressing at his surgical site was noted to be fully saturated with blood. Id. At 0630 the rapid response team checked on plaintiff and reinforced his surgical site dressing. Id. at 124. By 0635, Mr. Kinkeade was observed "quiet in bed, not in distress." Id.

### C. Disputed Facts

Plaintiff indicated that defendant had been assigned to guard him on hospital watch duty "numerous amounts of time" during the course of a two-year period. ECF No. 32-2 at 34. While defendant estimated that she was assigned to guard plaintiff at a hospital only "5 to 10 times." See ECF No. 100 (Defendant's Deposition at 78).

Concerning the events on June 25-26, 2013, plaintiff described the manner in which defendant applied the restraint to his right leg as "yank[ing his] leg to the foot rail and cuff[ing] it straight" even though his leg "doesn't straighten all the way out." ECF No. 132-2 at 22.

### IV. Motion for Summary Judgment

Defendant Oddie asserts in her motion for summary judgment that plaintiff "has failed to create a triable issue… as to any use of force allegedly used…, let alone excessive force, or established that [d]efendant caused him any harm warranting a jury trial for recovery of

6

damages." ECF No. 130-2 at 1. With respect to the incidents on February 4, 2013 and June 25, 2013, defendant asserts that there is a complete lack of evidence supporting her involvement in any use of restraints on those occasions because she was either not working that day or working at a hospital where plaintiff was not receiving treatment. ECF No. 130-2 at 8. Defendant seeks summary judgment for the June 26, 2013 allegations because there is no genuine issue of material fact demonstrating that her actions "rise to the level of excessive force" or that Mr. Kinkeade suffered any injuries as a result of her actions. Id.

In his opposition plaintiff asserts that the allegations in the complaint concern defendant Oddie's responsibilities as a hospital correctional officer on February 6-7, 2013 at San Joaquin Community Hospital and June 25-26 at Bakersfield Memorial Hospital.[3] ECF No. 132. In support thereof, plaintiff submits his own Statement of Disputed Facts in opposition to summary Judgment along with the relevant portions of deposition transcripts, hospital records, and subpoena responses. ECF No. 132-1 at 16-26; ECF No. 132-2.

By way of reply, defendant asserts that plaintiff's failure to timely amend the complaint to reflect the February 6, 2013 date of the first incident cannot be used to avoid summary judgment. ECF No. 133 at 2. Defendant further contends that there is no issue of genuine material fact concerning June 25, 2013 because the undisputed time sheet records reflect that her shift did not commence until 11:00 p.m. on that date. ECF No. 133 at 3-4. With respect to June 26, 2013, defendant argues that plaintiff has failed to point to any admissible evidence establishing Mr. Kinkeade's bleeding from his surgical site was the result of defendant's actions much less any excessive force since there is no expert medical testimony interpreting all of the medical records plaintiff submitted in opposition to summary judgment. ECF No. 133 at 4-6. Furthermore, there is no genuine issue of fact that defendant's actions on June 26, 2013 were done maliciously and sadistically for the purpose of inflicting pain. ECF No. 133 at 7-9. According to defendant, plaintiff's argument that the actions were done in order to retaliate against plaintiff for filing a

---

[3] Plaintiff's request for a jury instruction on spoliation of evidence is premature. See ECF No. 132 at 8-10. Based on the undersigned's recommendation to grant summary judgment, the request is also moot.

7

602 grievance entirely misses the mark because this is an excessive force case and not one involving a First Amendment retaliation claim. Id.

**IV.    Analysis**

At the outset, the court finds that defendant has met her initial burden of informing the court of the basis for her motion, and identifying those portions of the record which she believes demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to plaintiff to establish that a genuine issue as to any material fact actually does in fact exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Drawing all reasonable inferences from the evidence submitted in plaintiff's favor, the court concludes that plaintiff has not submitted sufficient evidence at the summary judgment stage to create a genuine issue of material fact with respect to his claim that defendant Oddie violated his rights under the Eighth Amendment for the reasons explained below.

Turning first to the February 4, 2013 incident alleged in plaintiff's complaint, the undersigned finds that the undisputed material facts demonstrate that defendant was not guarding Mr. Kinkeade on hospital watch duty that day. Accordingly, defendant is entitled to summary judgment with respect to this portion of the complaint alleging excessive force on February 4, 2013.

With respect to the June 25-26, 2013 incident, nothing in the record demonstrates that defendant was "maliciously and sadistically" seeking to cause plaintiff harm. While plaintiff imputes a bad motive to defendant's conduct in restraining the same leg that was operated on, there simply is no evidence that defendant knew that doing so would cause plaintiff harm. Even considering the sealed evidence in this case consisting of defendant's personnel records, there is no inference of maliciousness which a rational trier of fact could draw between the circumstances of the present case and the sealed records. Therefore, there is no genuine issue of excessive force by defendant in violation of the Eighth Amendment.[4]

Moreover, there is no medical evidence that Mr. Kinkeade's bleeding from his surgery site

---

[4] The allegations that defendant's conduct was in retaliation for plaintiff's filing of a 602 grievance are not germane to the excessive force claim at issue.

8

was caused by defendant's placement of the leg restraint on his right leg.  At best, the record demonstrates that there was a five-hour delay between defendant's application of leg restraints at the beginning of her shift at Bakersfield Memorial Hospital at 11:00 p.m. on June 25, 2013 until Mr. Kinkeade's surgical site began to hemorrhage at 4:00 a.m. the next day.  The evidentiary gap in this case looms large due to plaintiff's failure to produce any expert medical evidence for which a rational trier of fact could rely on to find that defendant's conduct caused plaintiff's injury.  To the extent that plaintiff relies on the injury to his right ankle, there still remains an evidentiary gap linking this to defendant's conduct in this case.  Thus, the evidence submitted, and the facts taken in the light most favorable to plaintiff show that the defendant did not act maliciously and sadistically for the very purpose of causing plaintiff harm.  For all these reasons, the undersigned recommends granting defendant's motion for summary judgment.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Defendant's motion for summary judgment (ECF No. 130) be granted; and,

2.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  **No extensions of time to file objections shall be granted.**  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 5, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kink1375.msj.CJRA.docx